UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAIME MUFFETT, a single man; and his company known as "Tuscan Sands Casino, LLC", a Washington limited liability company,<br><br>   Plaintiffs,<br><br> -vs-<br><br>CITY OF ZILLAH, a municipal corporation and political subdivision of the State of Washington; GARY CLARK, Mayor of the City of Zillah; SHARON BOUNDS, City Clerk, DAN HARGROVES, City Code Enforcement Officer; JOHN DOES 1-20,<br><br>   Defendants. | NO.  CV-09-3058-LRS<br><br>**ORDER GRANTING DEFENDANT SHARON BOUNDS MOTION FOR SUMMARY JUDGMENT** |

 Before the Court is the motion for summary judgment by defendant Sharon Bounds (Ct. Rec. 4).

**I.  BACKGROUND**

 Defendant Bounds summary judgment motion was filed July 29, 2009 and noted without oral argument on September 18, 2009.  A "Certificate of Service" executed July 29, 2009 indicates the motion was served by ECF notification upon counsel for the plaintiffs.  Plaintiffs have not responded to the motion.

///

ORDER GRANTING DEFENDANT BOUNDS' MOTION FOR SUMMARY JUDGMENT - 1

1    Local Rule 7.1(h)(5) states that a failure to timely file a
2 memorandum of points and authorities in opposition to any motion may be
3 considered as consent to the entry of an order adverse to the party in
4 default if the motion otherwise appears meritorious.  Additionally,
5 plaintiffs' failure to file a statement of material facts in opposition
6 to defendant's statement of material facts allows the court to assume the
7 facts as claimed by defendant Bounds are admitted to exist without
8 controversy.  See Local Rule 56.1(d).

9 **II.  DISCUSSION**

10    This is a 42 U.S.C. §1983 case, removed from state court, in which
11 plaintiffs complain that the Defendant City of Zillah violated their
12 rights by reason of the enforcement of a Zillah ordinance that restricts
13 the display of business signs and banners. Plaintiffs Muffett and Tuscan
14 Sands Casino assert five causes of action: (1) negligence; (2) violation
15 of the due process clause in the United States constitution; (3)
16 violation of the State of Washington Unfair Business Practices Act, RCW
17 19.86.020; (4) violation of the State of Washington anti-trust statue,
18 RCW 19.86.030; and (5) defamation or false light. In addition to suing
19 the City of Zillah, plaintiffs sue Zillah Mayor Gary Clark, Zillah Code
20 Enforcement Officer Dan Hargroves, and Zillah Clerk/Treasurer Sharon
21 Bounds.

22    Defendant Bounds requests an order granting her motion for summary
23 judgment dismissing plaintiffs' claims with prejudice because she played
24 no role in the enforcement of the signage ordinance. The court has
25 reviewed defendant Bounds' memorandum in support of her motion for
26 summary judgment and the declaration of Sharon Bounds.  Based on the
27 plaintiffs' complaint, plaintiff Tuscan Sands Casino operates a casino,
28 restaurant and lounge in Zillah.   Defendant Zillah has allegedly

ORDER GRANTING DEFENDANT BOUNDS' MOTION FOR SUMMARY JUDGMENT - 2

enforced, against Plaintiff Tuscan Sands Casino, the city's ordinance restricting the display of business signs and banners. Plaintiff Tuscan Sands Casino contends that the forced removal of signs and banners has impacted it revenue.

Defendant Sharon Bounds has served the City of Zillah as the City Clerk/Treasurer since 2005 and in other capacities before assuming the position of City Clerk/Treasurer. Ms. Bounds asserts that she had no involvement in enforcing the city ordinance complained of and argues that plaintiffs can produce no facts linking Ms. Bounds to their allegation of discriminatory treatment. Ms. Bounds states she did not direct or participate in the activity about which plaintiffs complain. Therefore, Ms. Bounds concludes she should be dismissed from the case at this early stage in the litigation.

**III.  CONCLUSION**

The court finds that the state law tort claims (defamation, negligence, business disparagement, false light, negligent infliction of emotional distress)[1] against defendant Bound, the alleged violations of the state statutes RCW 19.86.020 (unfair business practices) and RCW 19.86.030 (restraint of trade), the 42 U.S.C. §1983 claim, and the due process violation claim should be dismissed based on the undisputed material facts of record.

**IT IS ORDERED** that:

1.  Defendant Sharon Bounds Motion For Summary Judgment, Ct. Rec. 4, filed on July 29, 2009, is **GRANTED** and judgment is awarded to defendant Sharon Bounds on all claims alleged against her and her marital community.

---

[1] The Court construes plaintiffs' complaint to allege these state law torts.

ORDER GRANTING DEFENDANT BOUNDS' MOTION FOR SUMMARY JUDGMENT - 3

1 | **IT IS SO ORDERED.** The District Executive is directed to enter
2 | judgment accordingly, and forward copies of the judgment and this order
3 | to counsel.
4 | **DATED** this 1st of October, 2009.

*s/Lonny R. Suko*

LONNY R. SUKO<br>
Chief United States District Judge

ORDER GRANTING DEFENDANT BOUNDS' MOTION FOR SUMMARY JUDGMENT - 4